IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MICHAEL LANE BREWER, | : | |
| Plaintiff | : | |
| vs. | : | |
| Cert Officer CLINT WOFFORD, *et al.*, | : | NO. 5:12-CV-19 (CAR) |
| Defendants | : | **O R D E R** |

    Before the Court is Plaintiff **MICHAEL LANE BREWER'S** motion to reconsider this Court's January 20, 2012 Order (Doc. 9).  The Court dismissed Plaintiff's complaint without prejudice because Plaintiff, while incarcerated, has incurred four "strikes," *i.e.*, prior actions or appeals that have been dismissed as frivolous under 28 U.S.C. § 1915(g), and Plaintiff is not currently under imminent danger of serious physical injury.

    In the instant filing, Plaintiff does not allege that he is in imminent danger of serious physical injury.  Plaintiff instead contends that this Court should not count as strikes two of the four cases counted as such in the January 20th Order.  Specifically, Plaintiff contends that the dismissal in ***Brewer v. Johnson***, 1:95-cv-26-DHB-WLB (HL) (S.D. Ga.) should not be considered a strike because it was dismissed prior to the passage of the Prison Litigation Reform Act ("PLRA").  Plaintiff's argument is without merit.  A dismissal prior to enactment of the PLRA counts as a strike.  ***See Rivera v. Allin***, 144 F.3d 719, 730 (11th Cir. 1998).

    As to the second disputed strike, the Eleventh Circuit's dismissal of Plaintiff's appeal in ***Brewer v. Byrd***, 5:97-cv-691-CHW (M.D. Ga.), Plaintiff claims that the appeal was dismissed for

his failure to prosecute rather than based on frivolity. This Court's docket sheet, upon which this Court is allowed to rely, states specifically that the dismissal of the appeal was based on frivolity. *See e.g., Harris v. City of N.Y.*, 607 F.3d 18, 23–24 (2d Cir.2010) ("The district court may rely on the relevant docket sheets if they indicate with sufficient clarity that the prior suits were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.").

Finally, Plaintiff objects to dismissal of this case without affording Plaintiff an opportunity to respond. Contrary to Plaintiff's contention, this Court may *sua sponte* dismiss an action under section 1915(g) where a plaintiff has previously incurred three strikes. *See Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 435-36 (D.C. Cir. 2007) ("[E]vidence showing the grounds for prior dismissals .... must be produced either by the defendant challenging the prisoner's IFP status or, when readily available, by the court itself."); *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir.2005) (stating that a prisoner can be "placed on notice of the potential disqualification under § 1915(g) by either the district court or the defendant").

In light of the above, Plaintiff's motion to reconsider is hereby **DENIED**.

**SO ORDERED**, this 28th day of February, 2012.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

cr